UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20306-CIV-MORENO/O'SULLIVAN

OSMAN LARA, et al.,

    Plaintiffs,

v.

G&E FLORIDA CONTRACTORS, LLC,
a Florida limited liability company and
ENRIQUE HERSMAN, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39, 5/27/15). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Referral to Magistrate Judge O'Sullivan for All Pretrial Proceedings (DE# 48, 6/24/15). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39, 5/27/15) be **GRANTED in part and DENIED in part** for the reasons stated herein.

## BACKGROUND

The plaintiffs commenced the instant action on January 28, 2015. See Complaint and Jury Trial Demand (DE# 1, 1/28/15) (hereinafter "Complaint"). The Complaint

asserts a cause of action for unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., (hereinafter "FLSA").

On May 27, 2015, the plaintiffs filed the instant motion. See Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39, 5/27/15). The defendants filed their response in opposition to the instant motion on June 17, 2015. See Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45, 6/17/15). The plaintiffs filed their reply on July 6, 2015. See Plaintiffs' Reply in Support of Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members (DE# 52, 7/6/15). This matter is ripe for consideration.

## STANDARD OF REVIEW

An action for FLSA violations "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001), the Eleventh Circuit suggested that district courts utilize:

> a two-tiered approach in making the similarly situated determination. Under this approach, during the early stages of litigation, the district court would have evaluated the case under a lenient standard and likely would have granted preliminary certification of an opt-in class. The court would then have re-evaluated the similarly situated question at a later stage, once discovery produced more information regarding the nature of the Plaintiffs' claims.

2

252 F.3d at 1217-18.[1] The Eleventh Circuit has stated that the district courts have discretion to consider class certification and are not required to follow this two-tiered procedure. Id. at 1219.

The first stage of the two-tiered procedure is often referred to as the "notice stage." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). The second stage generally takes place after the parties have had an opportunity to participate in discovery and "is triggered by an employer's motion for decertification." Id. at 1261 (citation omitted).

Prior to allowing court supervised notification of opt-in rights, the Court must determine that there are other individuals "who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. State of Fla. Dep't. of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). At the notice stage, "[a] plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." Morgan, 551 F.3d at 1261. The Court generally makes its decision based on the pleadings and any affidavits which have been submitted. Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996).

This "two-tiered procedure . . . recognizes distinct burdens at different stages of the litigation process." Pena v. Handy Wash, Inc., Case No. 14-20352-CIV, 2014 WL 2884559, at *3 (S.D. Fla. Jun. 18, 2014) (citing Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003)). The Eleventh Circuit has

---

[1] The Hipp case involved claims under the Age Discrimination in Employment Act ("ADEA"). The ADEA "incorporates by reference the FLSA's collective action provision, so the Hipp procedure applies in both contexts." Albritton v. Cagle's Inc., 508 F.3d 1012, 1014 n.1 (11th Cir. 2007).

described the plaintiff's burden at the notice stage as "not particularly stringent, . . . fairly lenient, . . . flexible, . . . not heavy . . . and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." Morgan, 551 F.3d at 1262 (citations and internal quotation marks omitted). Consequently, "[t]he district court's broad discretion at the notice stage is . . . constrained, to some extent, by the leniency of the standard for the exercise of that discretion." Id. at 1261. The plaintiff's burden is "less lenient" at the second stage because "[a]t this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Id.

The Eleventh Circuit has held that allowing "notice to other potential members of the plaintiff class to 'opt-in' if they so desire" is consistent with the "'broad remedial purpose of the [Fair Labor Standards] Act.'" Dybach, 942 F.2d at 1567 (citation omitted). However, the "power to authorize notice must be exercised with discretion and only in appropriate cases." Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

## ANALYSIS

The plaintiffs seek the conditional certification of two classes:

1. All current and former carpenters employed by Defendants on U.S. government funded low[-]income housing projects in Miami-Dade County, Florida during one or more work weeks between January 31, 2012 and the present, who did not receive overtime compensation for all of their hours worked and reported to Defendants in excess of 40 hours per week.

2. All current and former steel/iron workers employed by Defendants on U.S. government funded low[-]income housing projects in Miami-Dade County, Florida during one or more work weeks between January 31, 2012 and the present, who did not receive overtime compensation for all of their hours worked and reported to Defendants in excess of 40 hours

per week.

Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39 at 5, 10/1/14). At the notice stage, the plaintiffs have the burden of demonstrating a reasonable basis to believe that: (1) there are other employees of the defendants who desire to opt-in and (2) these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach, 942 F.2d at 1567-68. Although the burden on the plaintiffs at the notice stage in the proceedings "is not heavy, it is not invisible." Brooks v. Rainaldi Plumbing, Inc., No. 6:06-cv-631, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006). For the reasons discussed below, the plaintiffs have met their burden on both requirements.

### 1. Whether There Is a Reasonable Basis to Believe There Are Other Carpenters and Steel/Iron Workers Who Desire to Opt-in

"The existence of just one other co-worker who desires to join in is sufficient to raise the Plaintiff's contention beyond one of pure speculation. . . . Courts in this District have conditionally certified classes with as few as two affidavits from potential plaintiffs." Rojas v. Garda CL Se., Inc., 297 F.R.D. 669, 667 (S.D. Fla. 2013) (alterations, internal quotation marks and citations omitted). When the plaintiffs filed the instant motion on May 27, 2015, a total of 29 opt-in plaintiffs had joined the lawsuit after the filing of the Complaint. To date, there are a total of 36 plaintiffs who have joined this lawsuit.

The plaintiffs have filed the sworn declarations of Kenny Diaz and Otoniel Mercedes, two steel/iron workers who intend to join this action as plaintiffs. See Declaration of Kenny Diaz (DE# 39-3 at 1-4, 5/27/15); Declaration of Otoniel Mercedes

5

(DE# 39-3 at 5-7, 5/27/15). The declarations of Mr. Diaz and Mr. Mercedes contain the following statement:

> I believe that other current and former steel/iron workers who worked uncompensated overtime hours will join this case if they are given notice of the case and information about how to join from the Court. Indeed, other steel/iron workers have already joined as Plaintiffs in this case when they found out that they could sue Defendants for unpaid overtime compensation. Upon learning their rights, I believe other steel/iron workers will join to recover overtime wages, as I am seeking to do here.

Id. at ¶9. The plaintiffs have filed declarations containing similar statements about carpenters. See, e.g., Declaration of Osman Alvarenga (DE# 39-1 at ¶9, 5/27/15).[2]

The defendants argue that "Plaintiffs' boilerplate declarations are insufficient to identify any employees who desire to join this litigation." Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45 at 4, 6/17/15). This Court has previously rejected a similar argument:

> Defendants insist that Plaintiffs' statements regarding other salespeople who have an interest in joining the suit are nothing more than conclusory generalizations. They deny that such unsupported statements of belief are adequate for satisfying the first prong of the conditional certification inquiry.
>
> ***
>
> [T]he Court here concludes that the affidavits from the two other employees shows that at least two other co-workers desire to join the suit, "thereby raising [Plaintiffs'] contention beyond one of pure speculation."

Pares v. Kendall Lakes Auto., LLC, No. 13-20317-CIV, 2013 WL 3279803, at *4 (S.D.

---

[2] Unlike Mr. Diaz and Mr. Mercedes who are prospective plaintiffs, Mr. Alvarenga filed a notice of consent to join this lawsuit on February 9, 2015. See Notice of Consent to Join Litigation (DE# 11, 2/9/15).

Fla. Jun. 27, 2013) (J. Moreno) (quoting <u>Guerra v. Big Johnson Concrete Pumping, Inc.</u>, No. 05-14237-CIV-MARTINEZ/LYNCH, 2006 U.S. Dist. LEXIS 58484, at *10 (S.D. Fla. May 17, 2006)).

In the instant case two individuals, who are not yet plaintiffs, have filed declarations stating their intent to join this lawsuit. Moreover, the Complaint was filed on behalf of seven plaintiffs and there are now a total of 36 plaintiffs and opt-in plaintiffs in this lawsuit. Based on the record evidence in the instant case, the plaintiffs have met their burden of demonstrating a reasonable basis to believe that other carpenters and steel/iron workers wish to opt into this lawsuit. The plaintiffs have satisfied the first prong.

## 2. Whether There Is a Reasonable Basis to Believe That Other Carpenters and Steel/Iron Workers Are "Similarly Situated"

"[T]he FLSA does not define how 'similarly situated' employees need to be to bring a collective action under § 216(b), and the Eleventh Circuit has not adopted a precise definition of the phrase." <u>Collado v. J. & G. Transp., Inc.</u>, No. 14-80467-CIV, 2014 WL 5390569, at *4 (S.D. Fla. Oct. 23, 2014) (citing <u>Morgan</u>, 551 F.3d at 1259). In determining whether other employees are "similarly situated," this Court has considered multiple factors including:

> 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; 5) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar.

<u>Smith v. Tradesmen Int'l, Inc.</u>, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (citation

omitted).

The plaintiffs argue that the Court should find that they have met the "similarly situated" prong because: (1) the plaintiffs and the opt-in plaintiffs held the same titles – carpenters and steel/iron workers who worked for the defendants; (2) they worked in Miami-Dade County on the same federally funded low-income housing projects; (3) the time frame of the alleged violations is "the three-year period immediately preceding the filing of the Complaint;" (4) the plaintiffs and opt-in plaintiffs were subject to "the same policies and practices . . . with regard to wage payments" in that "[e]ach of the Plaintiffs and opt-in[ plaintiffs] were paid in accordance with the same wage schedules mandated by the federal government contracts to which Defendants were parties and (5) the plaintiffs and opt-in plaintiffs were "subject[ ] to the same alleged wage payment violations – i.e., the failure to pay them for all worked and reported overtime in accordance with the FLSA." Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39 at 11-12, 5/27/15).

The defendants maintain that the plaintiffs and the opt-in plaintiffs performed many different job functions while employed with G&E Florida Contractors, LLC ("G&E"), they did not work exclusively as carpenters and steel/iron workers and some "of the Plaintiffs were salaried employees of G&E during certain of the time they were employed by G&E." Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45 at 7, 6/17/15) (emphasis omitted). The defendants submit the declaration of Mauricio Acosta, the

Executive Vice President of G&E, to support their position that the plaintiffs performed different job functions and were paid under different compensation structures. Id. The defendants further note that the amount of unpaid overtime claimed by the plaintiffs and the opt-in plaintiffs varies "from 100 hours to 360 hours." Id. at 8. According to the defendants, "the only credible evidence before the Court establishes that the members of the putative class are not 'similarly situated.'" Id.[3]

> This Court has stated that:
>
> Plaintiffs . . . "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp, 252 F.3d at 1217. However, plaintiffs still must make "substantial, detailed allegations of FLSA violations and provide[ ] evidentiary support that they, like other members of the putative opt-in plaintiff class, were the victims of employment practices . . . which resulted in these violations."

Pares v. Kendall Lakes Auto., LLC, No. 13-20317-CIV, 2013 WL 3279803, at *4 (S.D. Fla. Jun. 27, 2013) (J. Moreno) (quoting Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 365 (M.D. Ala.1999)).

Here, the plaintiffs have met their burden of showing that the plaintiffs, the opt-in plaintiffs and the putative class are similarly situated. For example, the plaintiffs have filed the Declaration of Osman Alvarenga (DE# 39-1, 5/27/15). Mr. Alvarenga attests that he "was employed by Defendants as a carpenter, performing carpenter and wood work at Defendants' direction on U.S. Government funded low-income housing projects

---

[3] To the extent the defendants are asking the Court to weigh the evidence, the Court should decline to do so at the notice stage. "'It is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action.'" Pares, 2013 WL 3279803, at *4 (quoting Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006)).

in Miami, Florida." Id. at ¶4. Mr. Alvarenga further attests that he and other carpenters performed manual labor on the defendants' projects including "all of the wood work in the buildings which included the walls and columns." Id. at ¶5. According to Mr. Alvarenga, the carpenters employed by the defendants had similar duties and were all paid on an hourly basis. Id. at ¶8. Mr. Alvarenga further states that he and other carpenters "regularly worked in excess of 40 hours in one or more work weeks on the projects" and were compensated for some, but not all overtime hours reported on their work sheets. Id. at ¶¶6-7. Other plaintiffs and opt-in plaintiffs who worked as carpenters for the defendants have filed similar declarations. See Composite Exhibit "A" (DE# 39-1, 5/27/15).

The plaintiffs have also filed declarations for steel/iron workers who worked for the defendants on U.S. Government funded low-income housing projects in Miami, Florida. See Composite Exhibit "B" (DE# 39-2, 5/27/15). For example, the plaintiffs have filed the Declaration of Osman Lara (DE# 39-1, 5/27/15) who attests that the work he and other steel/iron workers performed included "building all steel work in the buildings and parking lots." According to Mr. Lara, the steel/iron workers employed by the defendants had similar duties and were all paid on an hourly basis. Id. at ¶8. Mr. Lara further states that he and other steel/iron workers "regularly worked in excess of 40 hours in one or more work weeks on the projects" and were compensated for some, but not all overtime hours reported on their work sheets. Id. at ¶¶6-7. Other plaintiffs and opt-in plaintiffs who worked as steel/iron workers for the defendants have filed similar declarations. See Composite Exhibit "B" (DE# 39-2, 5/27/15).

The defendants take issue with the "boilerplate" nature of these declarations.

However, the undersigned finds that the declarations are sufficient to meet the lenient standard at the notice stage. In Mancuso, the plaintiff filed five affidavits that "[e]xcepting campus location, employment dates, and respective supervisors . . . [we]re largely identical to one another." Mancuso v. Fla. Metro. Univ., Inc., No. 09-61984-CIV, 2010 WL 2572412, at *2 (S.D. Fla. Jun. 24, 2010). Nonetheless, this Court concluded that the plaintiff "show[ed] that he and the opt-in plaintiffs [we]re similarly situated" where:

> The affidavits submitted . . . establish[ed] that Plaintiff and the opt-in plaintiffs all worked at the Pompano Beach (Florida) campus as admission representatives during the relevant time periods. All opt-in plaintiffs indicated that, although occasionally paid overtime, they frequently worked more than 40 hours a week without overtime pay. It further appear[ed] that at least two of the opt-in plaintiffs were supervised by the same individuals as Plaintiff.

Id. at *3-4 (footnote omitted). Similarly here, the declarations filed by the plaintiffs, opt-in plaintiffs and the two prospective plaintiffs show that they all worked for the defendants on U.S. Government funded low-income housing projects in Miami, Florida, they all worked in excess of 40 hours during one or more work weeks, they all reported their hours to the defendants using work sheets and were paid for some, but not all of their overtime hours. See Composite Exhibits "A" (DE# 39-1), "B" (DE# 39-2), and "C" (DE# 39-3). Based on this record, the plaintiffs have met the lenient standard for establishing that they are similarly situated with the opt-in plaintiffs and the putative class.

The defendants also argue that the certification of a collective action in the instant case would not be appropriate because individualized inquiries into each person's job duties and pay structure are necessary. See Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of

Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45 at 8, 6/17/15). The defendants' argument is better suited for the decertification stage, if there is one. See Schumann v. Collier Anesthesia, P.A., No. 2:12-cv-347-FtM-29SPC, 2013 WL 645980, at *2 n.2 (M.D. Fla. Feb. 21, 2013) (stating that "Defendants' argument that individualized inquiry is required is better suited at the decertification stage when additional information is available regarding the characteristics of the opt-in plaintiffs."); Anish v. Nat'l Sec. Corp., No. 10-80330-CIV, 2012 WL 1906500, at *4 (S.D. Fla. May 25, 2012) (granting motion for conditional certification and noting that "engaging in the individualized inquiry proposed by Defendant requires the Court to indulge in a detailed fact finding determination on the merits, which is improper at this stage of the litigation."). Moreover, some variation among the plaintiffs would not necessarily impede a collective action. See e.g., Geter v. Galardi So. Enters., Inc., No. 14-21896-CIV, 2015 WL 2384068, at *3 (S.D. Fla. May 19, 2015) (denying defendant's motion to decertify FLSA class and noting that "[i]t is highly unlikely any real-world collective action would involve opt-in Plaintiffs with the same, or even similar, schedule and earnings.").

The defendants also maintain that the conditional certification of the instant action would not further judicial economy because of these individualized inquiries. See Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45 at 8, 6/17/15). The undersigned disagrees. Judicial economy can be achieved in the instant case by proceeding as a collective action because the plaintiffs, opt-in plaintiffs and prospective plaintiffs have all

submitted evidence that they worked overtime hours for the defendants for which they were not fully compensated. "The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged" activity. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

Based on this record, the undersigned concludes that the plaintiffs have met their "burden of showing a reasonable basis for [their] claim that there are other similarly situated employees" who wish to join this action. Morgan, 551 F.3d at 1260 (internal quotation marks omitted). Accordingly, the instant motion should be **GRANTED**.

3. **Plaintiffs' Request for Court Facilitation of Class Member Notice**

Having determined that the plaintiffs have met their burden at the notice stage, the undersigned will now address the plaintiffs' request for Court facilitation of class member notice and the defendants' objections to the plaintiffs' requests and to the proposed notice.

The plaintiffs request that the Court facilitate the notice to potential class members in the following manner: (1) "Defendants [should] be required to provide [the plaintiffs] with the names, addresses, and email addresses of all putative class members who were employed by Defendants on its federally funded low-income housing projects for the three-year period immediately preceding the filing of this lawsuit;" (2) the Court should approve the proposed notice (DE# 39-4) attached to the instant motion; (3) notification should to be authorized by U.S. mail and email and (4) "notice should also be posted at Defendants' work sites on its federally funded low[-]income housing projects." Plaintiffs' Motion for Conditional Class Certification and

Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39 at 13-15, 5/27/15).

The defendants object to several of the plaintiffs' facilitation requests. The defendants argue that the statute of limitations period should be limited to two years because "Plaintiffs fail to provide any factual information from which this Court could find a willful violation." Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45 at 10, 6/17/15).[4] The defendants further argue that if the Court were to grant conditional certification, it should require the parties to prepare a mutually agreeable, "joint notice that is not prejudicial towards Defendants" within 10 business days of the Court's Order. Id. at 11. They further argue "[t]he [n]otice should be mailed once by a neutral third party vendor," "counsel from both parties should be barred from making separate contacts (in any form) with potential opt-in plaintiffs for the purpose of influencing their decision whether to join the lawsuit" and "the consents to join the lawsuit that are returned should be filed with the Court and served upon [both defendants] no later than sixty (60) days following the mailing of same." Id. at 11. In their reply, the plaintiffs do not address any of the

---

[4] The defendants state that the plaintiffs have "mischaracteri[zed] the nature of G&E's business by persisting in referring to G&E as a 'government construction contractor.'" Defendants' Response in Opposition to the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Members with Incorporated Memorandum of Law (DE# 45 at 10, 6/17/15). Although it is unclear from the defendants' response whether they are raising this as an objection to the plaintiffs' proposed notice, the undersigned notes that the proposed notice does not refer to the defendants as a "government construction contractor." Therefore, it is unnecessary for the Court to address this alleged mischaracterization.

defendant's objections to the notice or their objections to the manner in which notice should be provided to the potential class members.

The defendants argue that the limitations period should be limited to two years because the plaintiffs have failed to show willfulness. "To show a willful violation of the FLSA Plaintiff must show 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Cohen v. Allied Steel Bldgs, Inc., 554 F. Supp. 2d 1331, 1332 (S.D. Fla. 2008) (quoting Cohn v. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130 (1988)). In their motion, the plaintiffs state "[t]he three-year period is appropriate as the Complaint contains allegations, as supported by facts asserted in the submitted sworn declarations, that the failure to pay due overtime to Plaintiffs and those similarly situated was willful." However, the plaintiffs do not cite to any specific allegations in the complaint or in their sworn declarations establishing "willfulness" on the part of the defendants. Additionally, although the defendants challenged the limitations period in their response, the plaintiffs did not address this argument in their reply. "[T]he court is under no obligation to liberally construe the submissions of a party who is represented by counsel to determine just what her arguments are regarding disputed facts, much less comb through the record in an effort to find the evidentiary support for those arguments." Johnson v. Winter, No. 3:06cv188/MCR/EMT, 2008 WL 4098330, *5 (N.D. Fla. Sept. 2, 2008).

Ordinarily, the Court does not address the statute of limitations at the notice stage. See Pares, 2013 WL 3279803, at *10 (noting that "the Court cannot speak to Defendants' statute of limitations argument regarding the [defendant] dealership as that

15

would require the Court to rule on the underlying merits of Plaintiffs' claims.") (citing Barrus, 465 F. Supp. 2d at 230). However, because the plaintiffs have not supported their willfulness argument by citing to the record, the Court should limit the limitations period to two years.

The plaintiffs' request that the notice be posted at some of the defendants' job sites should be denied without prejudice to renew upon a showing of uncooperativeness by the defendants. See, e.g., Gonzalez v. TZ Ins. Solutions, LLC, No. 8:13-cv-2098-T-33EAJ, 2014 WL 1248154, at *6 (M.D. Fla. Mar. 26, 2014) ("den[ying] without prejudice [the plaintiff]'s request that Class Notice be posted at [the defendant's] locations" noting that "other courts have required that Class Notice be posted at the workplace only after a showing that a defendant has failed to cooperate in the collective action process.").

Because the plaintiffs do not address the defendants' other requests, the Court should issue an Order requiring that: (1) the parties submit a mutually agreeable, joint notice within 10 business days of the Court's Order approving conditional certification; (2) the notice be mailed by a third party vendor, (3) the parties be barred from separately contacting potential opt-in plaintiffs and (4) "the consents to join the lawsuit that are returned . . . be filed with the Court and served upon [both defendants] no later than sixty (60) days following the mailing of same."

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Supervised Notice to Potential Class Member[s] with Supporting Memorandum of Law (DE# 39, 5/27/15) be **GRANTED in part and DENIED in part**. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this ___ day of July, 2015.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moreno
All Counsel of Record